# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1335V
(not to be published)

| | |
|---|---|
| DONNA MARIA PETERSON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: January 27, 2023<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Nathan Pate Powell, Webb, Tanner & Powell, P.C., Lawrenceville, GA,* for Petitioner.

*Darryl R. Wishard, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

  On October 7, 2020, Donna Maria Peterson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP") which was caused-in-fact by the influenza vaccine she received on October 9, 2017. Petition at 1, ¶¶ 2, 18-19. On October 6, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. ECF No. 43.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed an unopposed motion for attorney's fees and costs, dated October 24, 2022 (ECF No. 48), requesting a total award of $26,703.25 (representing $25,857.50 in fees and $845.75 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. ECF No. 53-2. Petitioner filed a corrected motion for attorney's fees and costs, amending the motion from unopposed to a standard motion for attorneys' fees and costs. ECF No 49. Respondent reacted to the motion on November 1, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 50. Petitioner did not file a reply thereafter.

On December 14, 2022, a scheduling order was filed requesting additional information be provided needed to resolve the motion. ECF No. 52. Petitioner filed the requested documentation on December 15, 2022, plus additional documentation on January 11, 2023. ECF No. 53 and 55. Respondent did not file a response to Petitioner's Motion to Supplement Pleadings.

I have reviewed the billing records submitted with Petitioner's requests, and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

2

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for Nathan Powell at the following rates: $300 per hour for February 2020[3]; $365 per hour for March 2020 – December 2021; and $395 per hour for time billed in 2022. ECF No. 49-2 at 1-6. Additionally, Petitioner requests the rate of $225 per hour for all time billed by Mr. Powell's associates; Mathew Hall, Jay Crowley, and Robert Poston, and the rate of $275 per hour for Laura Walsh. *Id.*

I find the requested rates in each case excessive, based on the overall legal experience of the attorneys, the quality of work performed, and their lack of experience in the Vaccine Program. *See McCulloch v. Health & Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).[4] I incorporate by reference all of the explanatory notes contained in these rate schedules.

First, adjustment must be made to Mr. Powell's rate. He has been a licensed attorney since 2012, placing him in the range of attorneys with 8 - 11 years' experience. ECF No. 49-1 at 1. The requested rates are all within the Vaccine Program's published range for attorneys at his level of overall experience, albeit on the highest end of the range. But Mr. Powell does not have demonstrated Vaccine Act experience, with this matter being his second case in the Program (and this is the first matter in which his rate has even been considered). It is therefore improper for Mr. Powell to receive rates

---

[3] Billing entries show one entry at this rate on February 28, 2020. ECF No. 49-2 at 1.

[4] The forum rates in the Vaccine Program are derived from the OSM Attorney's Forum Hourly Rate Schedules for years 2015 - 2021 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

3

established for comparably-experienced counsel who *also* have lengthy experience in the Program. *McCulloch*, 2015 WL 5634323, at *17.

Based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys I find the rates of **$315 per hour for 2020, $340 per hour for 2021, and $375 per hour for 2022** to be more appropriate for Mr. Powell.[5] Adjustment of these rates reduces the amount to be awarded herein by **$1,495.50**.[6]

Second, the requested associate counsel rates also require adjustment. The attorneys that assisted Mr. Powell are all listed as associates, with no additional information provided to explain billing connected with these individuals. ECF No. 49-1 at 3. However, it appears that these attorneys are not licensed to practice in the Court of Federal Claims. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013).

As such, the time billed by all of the associate attorneys must be compensated at non-attorney rates. I shall reduce the associates' rates to the following: $163 per hour for 2020; $172 per hour for 2021 and $177 per hour for 2022.These rates are more in line to that of a supporting paralegal in the Vaccine Program. This results in an additional reduction of the attorney fees requested in amount of **$1,392.40.**[7]

## ATTORNEY COSTS

Petitioner requests $845.75 in overall costs. ECF No. 49-2 at 1-5. This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable, with an exception for the shipping cost listed as FED Ex for $24.01. *Id.* at 5. This cost has not been substantiated any supporting documentation and therefore will not be reimbursed, reducing the costs to be awarded by **$24.01.**

---

[5] The single entry billed at $300 will be awarded as is.

[6] This amount consists of ($365 - $315 = $50 x 11.1hrs = $555) + ($365 - $340 = $25 x 35.7hrs = $892.50) + ($395 - $375 = $20 x 2.4 hrs = $48) = $1,495.50.

[7] This amount consists of ($225 - $163 = $62 x 11.2hrs = $694.40) + ($225 - $172 = $53 x 12.8hrs = $678.40) + ($275 - $177 = $98 x 0.20hrs = $19.60) = $1,392.40.


## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$23,791.34** (representing $22,969.60 in fees and $821.74 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.